BENJAMIN ANDREWS, APPELLANT, v. TIMOTHY LONG, RESPONDENT.

*Costs upon the dismissal of an appeal—must be taxed by the clerk—cannot be taxed by a judge under section 311 of the Code.*

Upon the dismissal of an appeal from a County Court to the Supreme Court, the costs must be adjusted by the clerk, upon notice, in the usual way, and they cannot be taxed by a judge of the court, under section 311 of the Code.

APPEAL from an order granting to the respondent herein full costs on an appeal to the General Term of the Supreme Court, and from an adjustment of the costs by the justice granting the said order.

The action was brought by the above-named appellant in one of the justices' courts of the city of Brooklyn, to recover of the de-

fendant over $50, and upon the trial a judgment was rendered in favor of the defendant.

An appeal from the said judgment to the County Court of Kings county was dismissed, on the ground of the insufficiency of the notice of appeal. From this order an appeal was taken to the General Term of the Supreme Court, where it was affirmed. An appeal was taken from the said order of affirmance to the Court of Appeals, where a decision was rendered reversing the said order of the General Term, without costs in the Court of Appeals, and remitting the case to the Supreme Court, that an order might be there entered dismissing the appeal to that court. On February 3, 1880, an order was entered at a Special Term of the Supreme Court, making the judgment of the Court of Appeals the judgment of the Supreme Court, and dismissing the appeal from the County Court to the General Term. Thereupon the respondent served a full bill of costs, with notice of adjustment before a Special Term of the Supreme Court, and on February 7, 1880, an order was made adjusting the costs herein at $68.24, from which order this appeal was taken.

*John Andrews*, for the appellant.

*Thomas Vernon*, for the respondent.

BARNARD, P. J. :

The dismissal of an appeal from the County Court to the Supreme Court does not make a case of interlocutory or special proceedings which authorizes a judge of this court to tax costs under section 311, Code. When the appeal was dismissed it was the end of the controversy, and if either party was entitled to costs they were to be adjusted before the clerk, upon notice in the usual way. The rule invoked by the defendant, that where the papers do not show any specific or other objection to the costs before the taxing officer the taxation will be upheld, has no application to this appeal. It is only when the proper officer taxes the costs that any objection is called for.

The ground of this appeal is that the order establishing any bill by a judge of this court was unauthorized. In such a case the

order must be reversed, because of the want of power to determine the questions of costs by the judge who made the order.

The order should be reversed, with costs and disbursements.

GILBERT and DYKMAN, JJ., concurred.

Motion to dismiss appeal denied, without costs, and order reversed, with costs and disbursements.